**Mark Ellis COFIELD, Petitioner— Appellant,**

v.

**M.L. SMITH, Warden, Respondent— Appellee.**

No. 03–55629.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided Aug. 23, 2004.

Mark Ellis Cofield, Blythe, CA, pro se.

Cara DeVito, Esq., West Hills, CA, for Petitioner–Appellant.

Chung L. Mar, Esq., Alan D. Tate, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

### MEMORANDUM *

California state prisoner Mark Ellis Cofield appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Cofield challenged his 1987 conviction for one count of second-degree murder and two counts of attempted murder for the shooting of three men in a Los Angeles garage. Kevin Campbell, the only witness who identified Cofield as the shooter, recanted his testimony after the trial ended. In a state habeas proceeding, the court found that Campbell's recantation was not credible and denied Cofield's habeas petition. Cofield argues that this finding was an unreasonable determination of the facts in light of the evidence presented. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]

We review de novo the district court's decision to deny Cofield's § 2254 petition. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir.2004). We review for clear error the district court's factual findings. *Id.* Because Cofield filed his habeas petition

after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), the AEDPA controls and limits our review of matters adjudicated on the merits in the California state courts. *Robinson*, 360 F.3d at 1055.

Under the AEDPA, federal courts may not grant habeas relief unless the state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Robinson*, 360 F.3d at 1055. A state court's factual findings are presumed to be correct and the petitioner has the burden of rebutting them with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In applying these standards, we review the "last reasoned decision" by a state court, *Robinson*, 360 F.3d at 1055, which in this case is the trial court's denial of Cofield's first state habeas petition.

"[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A state-court decision is based on an unreasonable determination of the facts in light of the evidence presented if the petitioner shows by clear and convincing evidence that the state court's conclusion was based on fac-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

tual error, *see Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 2539, 156 L.Ed.2d 471 (2003), or where the court's weighing of the evidence was objectively unreasonable. *See Collins v. Rice,* 365 F.3d 667, 684–85 (9th Cir.2004).

Here, Cofield has not shown by clear and convincing evidence that the state court was objectively unreasonable in finding Campbell's recantation testimony incredible. The judge who presided over the state habeas evidentiary hearing at which Campbell testified also presided over Cofield's trial. The judge needed to decide whether Campbell was telling the truth at the trial and lying at the hearing, or whether his trial testimony was false and his recantation truthful. The judge was able to observe Campbell's demeanor in both proceedings. Campbell's trial testimony and evidentiary hearing testimony were both so contradictory that the court's decision to credit one over the other was not objectively unreasonable. In addition, the district court's finding that Campbell's testimony at the hearing was "replete with inconsistencies" is not clearly erroneous. *Cf. Taylor v. Maddox,* 366 F.3d 992, 1004–08 (9th Cir.2004) (concluding that state court's fact-finding process was defective where state court treated case simply as a credibility contest between petitioner and another witness and completely failed to consider the testimony of a witness who corroborated petitioner's claim that his confession had been coerced).

For these reasons, we **AFFIRM.**